**Motion Granted; Appeal Dismissed and Majority and Dissenting Opinions filed March 23, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00928-CV

---

### QUAN NGUYEN; POLO CAPITAL, LLC; CALEDONIA WATER CO. L.C.; AND QN & DN INVESTMENTS, INC., Appellants

### V.

### THANH THI TRAN, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2022-01421-A**

---

## DISSENTING OPINION

Does language suggesting the mere possibility of further claims make a judgment that is otherwise final into an interlocutory judgment? In this appeal an interlocutory judgment has been severed in the trial court and is otherwise final under the first prong of *Lehmann* after that severance. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that finally disposes of all

remaining parties and claims, based on the record in the case, is final, regardless of its language."). Without discussing *Lehmann* and its progeny, the majority merely states, "The severance order expressly indicates that further proceedings are to be had in the severed action," does not analyze whether any parties and claims remain to be disposed of by "further proceedings," deems the judgment interlocutory, and dismisses the appeal (presumably for want of subject-matter jurisdiction). Because this violates *Lehmann*, I dissent.

The parties signed a September 17, 2022 settlement agreement containing the following language:

> Defendants agree to sign the "Agreed Partial Judgment" attached to this Agreement as Exhibit A. Plaintiff agrees not to abstract or record the Agreed Partial Judgment unless Defendants fail to strictly comply with any payment term(s) of this Agreement. In the event that Defendants fail to strictly comply with any payment term(s) of this Agreement, the Parties agree that Plaintiff may abstract and record the Agreed Partial Judgment and that the Agreed Partial Judgment will be enforceable, final, and not subject to appeal.[1]

After plaintiff Thanh Thi Tran decided that defendants[2] did not comply with the settlement agreement, plaintiff filed the following motion:

**UNOPPOSED MOTION TO VACATE ABATEMENT ORDER, REINSTATE CASE, AND ENTER AGREED NON-APPEALABLE JUDGMENT**

Plaintiff and Quan Nguyen entered into a settlement agreement for the purpose of resolving their dispute. They filed, and this Court

---

[1] The settlement agreement appears in the clerk's record as exhibit A to plaintiff's October 14, 2022 motion to sever and exhibit B to defendants' supplemental response to plaintiff's motion to sever. There is no reporter's record in this appeal. I express no opinion whether the settlement agreement was admitted into evidence in the trial court and is properly before this court for review.

[2] The defendants are Quan Nguyen; Polo Capital, LLC; Caledonia Water Co. L.C.; and QN & DN Investments, Inc.

2

granted, a joint motion to abate pending the earlier of (a) Plaintiff timely receiving all payments under the agreement or (b) any failure by Quan Nguyen to strictly comply with the payment terms of the agreement. Unfortunately, Quan Nguyen failed to comply with his obligation to pay the first installment payment. Thus, Plaintiff requests—*and Quan Nguyen does not oppose*—vacating the abatement order; reinstating this case; and entering the agreed, non-appealable judgment attached to this motion as Exhibit A.

On October 14, 2022, the trial court signed that judgment:

### AGREED PARTIAL JUDGMENT

Plaintiff Thanh Thi Tran ("Plaintiff") and Defendants Quan Nguyen, Polo Capital, LLC ("Polo Capital"), Caledonia Water Co., L.C. ("Caledonia"), and QN & DN Investments, Inc. ("QN & DN") (collectively, "Defendants") have agreed to entry of this Judgment. Having considered their agreement, the pleadings, and the records on file in this case, this Court RENDERS judgment for Plaintiff and against Defendants.

It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff shall recover from Quan Nguyen, Polo Capital, Caledonia, and QN & DN, jointly and severally, the amount of Twelve Million Dollars ($12,000,000).

It is further ORDERED, ADJUDGED, and DECREED that Plaintiff shall recover court costs taxed against Defendants.

It is further ORDERED, ADJUDGED, and DECREED Plaintiff shall recover from Defendants post-judgment interest on all amounts awarded in this Judgment at the rate of 5.5% per annum compounded annually from the date of this Judgment until fully paid.

It is further ORDERED, ADJUDGED, and DECREED that each Defendant is jointly and severally liable for all amounts awarded in this Judgment and that Plaintiff is entitled to recover from each Defendant all amounts recoverable from any other Defendant in this Judgment in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code.

The trial court signed a severance order on November 21, 2022:

# ORDER GRANTING PLAINTIFF'S MOTION TO SEVER

On this day, the Court considered the "Motion to Sever" ("Motion") filed by Plaintiff Thanh Thi Tran ("Plaintiff"). After considering the Motion, the Response and Supplemental Response filed by Defendants Quan Nguyen; Polo Capital, LLC; Caledonia Water Co., L.C.; and QN & DN Investments, Inc. (collectively, "Defendants"), Plaintiffs Reply, the record, and arguments of counsel, the Court finds the Motion should be, and is hereby, **GRANTED.**

It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiffs claim against Defendants arising from the breach of the settlement agreement is hereby **SEVERED** from the remaining claims in this action and shall proceed under the separate docket number of 2022-01421-A.

It is further ORDERED, ADJUDGED, and DECREED that copies of the following documents shall be made by the Clerk of the Court and placed in the Court's file in Cause No. 2022-01421-A:

| Image No. | Title | Date |
|---|---|---|
| 104584966 | MONETARY AMAGES AWARDED ORDER FOR AGREED PARTIAL JUDGMENT SIGNED | 10/14/22 |
| 104555307 | Proposed Order Granting Plaintiffs Unopposed Motion to Vacate Abatement Order, Reinstate Case, and Enter Agreed No-Appealable Judgment | 10/13/22 |
| 104538396 | Proposed Agreed Judgment | 10/12/22 |
| 104520307 | Unopposed Motion to Vacate Abatement Order, Reinstate Case, and Enter Agreed Non-Appealable Judgment | 10/11/22 |
| 104520308 | Proposed Agreed Partial Judgment | 10/11/22 |
| 104520446 | Letter to Judge Schaffer | 10/11/22 |

It is further **ORDERED, ADJUDGED,** and **DECREED** that the costs of severance are to be borne by Defendants.

Signed: [signature]
11/21/2022
The Honorable Judge Robert Schaffer, presiding

It is further Ordered that any recovery obtained by the Plaintiff under the final judgment of 2022-01421-A shall serve as a credit towards any recovery, if any, obtained by Plaintiff under a final judgment awarding Plaintiff damages in 2022-01421.

Nothing in the severance order mandated further proceedings on claims. The severance order merely stated, "and shall proceed under the separate docket number of 2022-01421-A." That wording does not make an otherwise final judgment interlocutory.

This court errs in holding that the appeal is interlocutory. It is not, and this court has subject-matter jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.012 (providing for appeal or writ of error to court of appeals).

This court further errs in granting the appellee's motion to dismiss without addressing the grounds in the motion. The first ground is that appellants "cannot challenge the severance order without appealing the final judgment." It is true that appellants' notice of appeal states, "Defendants Quan Nguyen, Polo Capital, LLC, Caledonia Water Co. L.C., and QN & DN Investments, Inc (collectively "Nguyen") file this Notice of Appeal to either the First or Fourteenth Court of Appeals and state that they desire to appeal from the Order of Severance (dated November 21, 2022) attached as Exhibit 'A.'" The November 21, 2022 order of severance, however, is not merely an order of severance, it is also the final judgment. If the court is concerned that appellants only wish to appeal the actual severance and not the remainder of the final judgment, then the court should

5

provide due process and notify appellants and provide them an opportunity to file an amended notice of appeal correcting that defect. *See* Tex. R. App. P. 21.5(g) (amending notice).

Appellee's second ground for dismissal is that appellants have waived the right to appeal the final judgment. Appellee cites as authority *Emerson v. Emerson*, a case that involved a Texas Rule of Civil Procedure 11 waiver of the right to appeal some but not all the issues in that appeal. *Emerson v. Emerson*, 559 S.W.3d 727 (Tex. App.—Houston [14th Dist.] 2018, no pet.). There is no Rule 11 agreement in this appeal, the settlement agreement appears to apply to everything in the final judgment,[3] and appellants have not yet filed a brief stating their issues or points or error. *Emerson* does not apply to this appeal, and appellee make no other arguments to support dismissal under the facts of this appeal.

This court errs in granting the motion to dismiss without explanation. The court could, but does not, give notice of an involuntary dismissal for want of prosecution, explaining the court's reasoning for the involuntary dismissal. *See* Tex. R. App. P. 42.3 (involuntary dismissal in civil cases).

I dissent to this court's judgment dismissing the appeal.

/s/ Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Spain (Spain, J., dissenting).

---

[3] *See* discussion of whether the settlement agreement is before this court, *supra* note 1.

6